# The State of Texas




Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

July 31, 2015

Clevis Management Corp
Registered Agent: James Chen
38656 Medical Center Drive
Unit C
Palmdale, CA 93551

> 2015-255930-1
> Include reference number in all correspondence

RE: DLW Health Solution, LLC vs. Clevis Management, Corp. d/b/a Haoeyou Compounding Pharmacy
45th Judicial District Court Of Bexar County, Texas
Cause No: 2015CI12072

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on July 29, 2015.

CERTIFIED MAIL #71901046470100498883

Refer correspondence to:

John Castillo
Farrimond Castillo & Bresnahan, P.C.
130 E. Travis Street, Suite 350
San Antonio, TX 78205

Sincerely,

*Venita Okpegbue*

Venita Okpegbue
Team Leader, Service of Process
GF/vjb
Enclosure

CERTIFIED MAIL #70150640000700173717   Case Number: **2015-CI-12072**

**DLW HEALTH SOLUTION LLC**
*Plaintiff*
VS.
**CLEVIS MANAGEMENT CORP**
*Defendant*

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO: CLEVIS MANAGEMENT CORP**
                              BY SERVING TEXAS SECRETARY OF STATE

P O BOX 12079
AUSTIN TX 78711-2079

2015CI12072 S00001

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

RECEIVED
SECRETARY OF STATE
JUL 29 2015
Service of Process

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 24th day of July, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF JULY A.D., 2015.

PETITION

JOHN M CASTILLO
ATTORNEY FOR PLAINTIFF
130 E TRAVIS ST 350
SAN ANTONIO, TX 78205-1601



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lisa Sanchez*, Deputy

---

Officer's Return

Came to hand on the 24th day of July 2015, A.D., at 3:03 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Lisa Sanchez*, Deputy

ORIGINAL (DK003)

00255930

FILED
7/24/2015 1:06:27 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

**CITCMLSOS/SAC2**

CAUSE NO. **2015CI12072**

| | | |
|---|---|---|
| DLW HEALTH SOLUTION, LLC | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | **45TH** |
| | § | ___ JUDICIAL DISTRICT |
| CLEVIS MANAGEMENT, CORP. | § | |
| D/B/A HAOEYOU COMPOUNDING | § | |
| PHARMACY | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES DLW HEALTH SOLUTION LLC (DLW HEALTH), complaining of CLEVIS MANAGEMENT, CORP. D/B/A HAOEYOU COMPOUNDING PHARMACY (CLEVIS), and for causes of action would show the Court as follows:

**I.**

1. Discovery in this case is intended to be conducted pursuant to Texas Rule of Civil Procedure 190.3 (Level 2).

**II.**

2. DLW HEALTH SOLUTION LLC is a Texas Limited Liability Company having an office in San Antonio, Bexar County, Texas.

3. CLEVIS MANAGEMENT, CORP. D/B/A HAOEYOU COMPOUNDING PHARMACY is a California Corporation, not authorized to do business in Texas, and can be served with citation and process by serving the Texas Secretary of State by Certified Mail return receipt requested at:

> Service of Process
> Texas Secretary of State
> P.O. Box 12079
> Austin, Texas 78711-2079

1

The Texas Secretary of State may serve Defendant with citation and process through Defendant's California Registered Agent: James Chen, 38656 Medical Center Drive, Unit C, Palmdale, CA 93551.

### III.

4. Venue is proper in Bexar County, pursuant to Texas Civil Practice & Remedies Code, §§15.002 or 15.035.

### IV.

#### *Statement of Facts*

5. On or about January 7, 2015, CLEVIS executed a written Sales Representative Agreement with Plaintiff in Bexar County, Texas, under which Defendant agreed to pay Plaintiff a 50% of net adjudication amount as Commission on sales of compounding prescription products from Defendant. An exact copy of the Agreement is hereby attached and incorporated by reference herein for all purposes as Exhibit "A" and incorporated herein for all purposes. Plaintiff has earned commissions of $693,828.43 on approved insurance adjudicated sales $1,387,656.85, which amounts were approved during the period April 25 to April 30, 2015.

6. Thereafter, Defendant failed to pay as required under the Agreement. Plaintiff, through its legal counsel, has made written demand upon Defendant, by certified U.S. mail on June 11, 2015. A true and correct copy of Plaintiff legal counsel's demand letter of June 11, 2015, is attached hereto as Exhibit "B" and incorporated herein for all purposes.

7. However, CLEVIS has failed and refused, and still fails and refuses to make the payments due under said Agreement, and defaulted in the payment of $693,828.43.

2

Plaintiff is further entitled to pre and post judgment interest on such unpaid amounts. As a result of Defendant's default under the Agreement, all commissions earned are hereby due and owing.

8. Furthermore, pursuant to the provisions of said Agreement, and Texas Civil Practice and Remedies Code Ann. § 38.001, Plaintiff is further entitled to recover reasonable attorney's fees as it has been necessary for Plaintiff to place the matter in the hands of the undersigned attorneys for collection.

9. DLW HEALTH fully performed all of its obligations pursuant to its Agreement with Defendant CLEVIS.

## V.

### *Breach of Contract*

10. DLW HEALTH adopts and incorporates herein by reference for all purposes, all factual allegations set forth above.

11. The conduct of CLEVIS, as alleged herein, constitutes a breach of the Agreement with DLW HEALTH in the following respects:

   (A) Failure by DLW HEALTH to pay the unpaid obligations when due pursuant to the Agreement with Plaintiff.

## VI.

### *Damages*

12. The above acts and practices of CLEVIS have caused loss and damage to DLW HEALTH, including but not limited to the following costs, expenses, reasonable attorney's fees, damages, and losses, by reason of the default and failure to perform. All of said loss and damage caused by CLEVIS was without justification or excuse, and DLW HEALTH should have and recover of and from Defendant as follows:

3

(A) the net balance of $693,828.43, as of July 14, 2015, under the Agreement, and is an amount within the maximum jurisdiction of the Court;

(B) all pre and post judgment interest due to DLW HEALTH pursuant to the Agreement through the date of judgment; and,

(C) all attorney's fees, costs incurred as a result of having to bring this action and post-judgment interest.

## VII.

### *Attorney's Fees*

13. In accordance with the provisions of the Agreement and §38.001, Texas Civil Practice & Remedies Code, DLW HEALTH is entitled to recovery from CLEVIS, and hereby specifically prays for, the award of its court costs, expenses, and reasonable and necessary attorney's fees incurred and expended, inasmuch as DLW HEALTH has been forced to retain counsel in order to prosecute these claims on its behalf. DLW HEALTH is entitled to, and specifically prays for, the award of reasonable and necessary attorney's fees through the trial of this cause in an amount not to exceed the maximum jurisdictional limit of this Court.

## VIII.

### *Conditions Precedent*

14. Plaintiff submits that all conditions precedent to recovery have been performed, have occurred or been waived.

## IX.

### *Requests for Disclosure*

15. Pursuant to Rule 194, Defendant CLEVIS is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a), (b), (c), (d), (e) (f), (g), (h), (i), (j), (k) and (l).

4

*Prayer*

WHEREFORE, PRESMISES CONSIDERED, DLW HEALTH SOLUTION prays that CLEVIS be cited to appear and answer herein, and upon answer that this matter be set for trial, and upon trial hereof, DLW HEALTH have and recover judgment, against CLEVIS, for all sums sued for herein, plus all additional sums discovered to be due and owing and which have not been paid, together with all of DLW HEALTH SOLUTION'S costs, expenses, and attorney's fees in this matter expended, for pre and post judgment interest on all amounts as permitted by law; and, that DLW HEALTH have such other and further relief, at law or in equity, as DLW HEALTH may be justly entitled.

Respectfully submitted,

**FARRIMOND CASTILLO & BRESNAHAN, P.C.**

By: _____
JOHN CASTILLO
State Bar No. 00787217
STEVEN J. MEDINA
Of Counsel
State Bar No. 13895550
130 E. Travis Street, Suite 350
San Antonio, Texas 78205
Tel: 210-231-0919
Fax: 210-231-0004
Email: jcastillo@fcbtxlaw.com
Email: smedina@fcbtxlaw.com

**ATTORNEYS FOR PLAINTIFF
DLW HEALTH SOLUTION LLC**



# HAOEYOU COMPOUNDING PHARMACY
## SALES REPRESENTATIVE AGREEMENT

THIS SALES REPRESENTATIVE AGREEMENT (this "Agreement") is entered into effective this 7th day of January, 2015 (the "Effective Date") by and between **CLEVIS MANAGEMENT, CORP ("CMC") dba: HAOEYOU COMPOUNDING PHARMACY** and **DLW Health Solution LLC ("DLW")**. For good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  Duties/Responsibilities: CMC hereby engages DLW during the Term of this Agreement to provide customary sales representative services (the "Services") for sales of compounding medication topical cream products that CMC is subject to the following terms:

    a.  To be the non-exclusive: DLW will act as sales representative for the products and services represented by CMC and made a part hereof, as amended by the parties from time to time (collectively, the "CMC Products").

    b.  To act on CMC's behalf to identify customers for CMC compounding medication topical cream products and within such limitations relating to sales, delivery and other key terms as CMC may from time to time specify in writing, and subject to acceptance by CMC of any written contract (by facsimile, email or otherwise), negotiate potential sales contracts for CMC Products.

    c.  CMC will provide DLW with the compounding script pads, marketing material, web portal and personalize services, which DLW receives from CMC pharmacy technicians that are willing to provide such items and/or services that CMC have provided. DLW will endeavor to represent as sales representative for distribution to physicians, physicians' offices, medical clinics, hospitals and the like within the Assigned Territory and as seen fit and within budget

   constraints.

 d. DLW shall be responsible for retaining the integrity of the brand name and image as explain with this sales representation contract agreement provided by CMC.

2. DLW agrees that:

 a. It will not legally produce or offer contracts, represent services or clinical outcomes on behalf of CMC or its service providers, manufacturers or distributors;

 b. It will manage its clients, both healthcare providers, professionals and field sales representatives within the Assigned or Acquired Territory;

 c. It will cooperate with efforts to assured patient confidentiality and compliance provided by HIPPA in documents or web base disclosure; both applicable actions disclosure must be comply.

 d. It will not offer or propose any pricing contracts to clients, physicians, health profession provider or other of in the same line of business that are not approved in advance by CMC.

 e. DLW will receive daily and weekly activity reports to its sales representative and physician providers from CMC website portal tab that's HIPPA and HITECH securely protected infrastructure in the form of electronically or other acceptable to CMC approved forms or documents.

 f. In performing the duties as sales representative for CMC has had and will continue to have access to documents, trade secrets and Confidential Information of CMC products and services materials represented by CMC. For purposes of this Agreement, the term **"Confidential Information"** shall mean

information directly or indirectly relating to CMC or its affiliates, clients, members, officers or employees and obtained by DLW in connection with sales of CMC products prior to or after the date of this Agreement. Including information conceived or originated, discovered or developed by CMC by reference to such information or containing such information and whether orally, in documents, through and by observation or otherwise together with all summaries, compilations, analyses and reports created by CMC from such information or that contains such information. All existing or contemplated business products and services as well as marketing materials, website documents, financial information infrastructure and all other data.

3. Term of Agreement:

   a) The "Term" of this Agreement shall commence upon signing and shall continue in force for Twelve (12) months.

   b) Notwithstanding the foregoing, in the event of a breach of this Agreement by a party, the non-breaching party may terminate this Agreement upon the breaching party's failure to cure after thirty (30) days prior in written notice to the breaching party.

   c) Notwithstanding any other provision herein, this Agreement will terminate immediately as to any product/service upon the termination of CMC's contract with the manufacturer/distributor/service provider for the sale of said product/service.

4. Commission:

   a) DLW shall receive for Services rendered to CMC during the term of this Agreement of those commission stated on (Exhibit A). CMC may revise the commission schedule semi-

annually or as needed by performance and from time to time as CMC Products are added or deleted. CMC may provide sales contest or bonuses for DLW's and Sub-DLWs from time to time with approval from both sides.

b) Commission adjudication shall be paid on 15th or 30th of the following next month after DLW initial 25 days first script. CMC will have 5 grace periods to reconcile approved amount (Billable amount minus drug costs) for DLW and once funds are received or check collected, the commission are based after.

c) No commission for Services will be paid to DLW after termination of this Agreement except for commission for related sales concluded prior to the termination date.

5. Indemnification:

a) DLW will at all times indemnify and hold CMC and its members, managers, officers and employees harmless from and against any and all losses, damages, costs and expense which it may suffer or sustain or be threatened with liability for including but not limit to litigation expenses, reasonable attorney fees and liabilities incurred in connection therewith arising form or relating to DLW actions or omissions, negligence or intentional bad acts.

b) Moreover DLW will indemnify and hold CMC and its members, managers, officers and employees harmless from all losses, damages, costs, penalties, fines, additional expense which it or they may suffer or sustain or be threatened with liability for arising out of or relating to any controversy or dispute concerning workman's compensation claims, federal and state income tax withholding, Federal insurance contributions Act contributions to State or Federal Unemployment Tax Act contributions or unemployment benefits claimed by reason of the relationship with CMC and

DLW.

c) Counterparts as the parties may execute this Agreement in any number of counterparts each of which shall be deemed to be original but all of which constitute but one instrument. In proving this Agreement, it shall not be necessary to produce or account for more than one such counterpart per party.

If to DLW HEALTH SOLUTION, LLC to:

DEVONTE WHITMORE:
1538 CABLE RANCH ROAD, APT 12205
SAN ANTONIO, TX 78245
TEL: 870-267-3344
EMAIL: WHITMOREDEVONTE@GMAIL.COM

If to CLEVIS MANAGEMENT CORP. dba: HAOEYOU COMPOUNDING PHARMACY, to:

JAMES CHEN
38656 MEDICAL CENTER DRIVE, SUITE C
PALMDALE CA 93551
TEL: 855-566-9888
EMAIL: JAMESCHEN@CHCGP.COM

Limitation of liabilities:
NOTWITHSTANDING ANY OTHER PROVISION OF THIS AGREEMENT OR LAW TO THE CONTRARY. CLEVIS SHALL NOT BE LIABLE OF ANY INDIRECT, EXEMPLARY, PUNITIVE, INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING LOSS OF PROFITS DUE TO BUSINESS INTERRUPTIONS OR OTHERWISE IN CONNECTION WITH THIS AGREEMENT. NO WAIVER, FAILURE OR DELAY BY A PARTY IN EXERCISING OR PURSUING ANY RIGHT, POWER, PRIVILEDGE OR REMEDY HEREUNDER SHALL OPERATE AS A WAVIER THEREOF NOR SHALL ANY SINGLE OR PARTIAL EXERCISE OR PURSUIT THEREOF PRECLUDE ANY OTHER OR FURTHER EXERCISE OR PURSUIT THEREOF OR THE EXERCISE OR PURSUIT OF ANY OTHER RIGHT, POWER,

# EXHIBIT A

## DLW HEALTH SOLUTION, LLC
## SALES REPRESENTATIVE AGREEMENT

Clevis agrees to pay DLW HEALTH SOLUTION, LLC a 50% of net adjudication amount as Commission on Sales of compounding prescription products from Haoeyou Compounding Pharmacy.

The Commission payment structure shall be in 2 tiers to DLW. Upon adjudication period between 1st-15th receipts of the month, it will be **paid on the 19th**. Adjudication period between 16th-31st receipts of the month, it will be **paid on the 4th** of the following/next month. Clevis and DLW will do a quarterly assessment to determine if the payment structure is viable for both parties due to the unpredictable changes in insurances reimbursement or law in 2015. Clevis will do a semi-annual assessment to determine the increase of Commission on sales payout of 2% initial with maximum 4% annually for the next 2 years.

Clevis maintained company integrity of transparency and accuracy on all pharmacy financial statements, reports and collections. DLW has access to financial statements, reports and collections on this agreement.

Clevis and DLW agrees that the net adjudication amount is after drug costs or any costs related to the compounding medication.

Clevis agrees to collect "Co-pay" receipts of ALL compounding prescription orders and will provide financial assistance program.

Clevis and DLW agrees with an understanding that "Uninsured" events circumstances are per case per costs basis. Ultimately the physician relationship is the focal point.

Clevis will assign the state of TEXAS as per request by DLW. DLW can submit any new states to or after this Agreement.

PRIVILEGE OR REMEDY HEREUNDER.

The parties have executed this Agreement as of the Effective Date.

CLEVIS MANAGEMENT CORP. dba: HAOEYOU COMPOUNDING PHARMACY

By: JAMES CHEN, CFO

Sign: _____

_____

By: DEVONTE WHITMORE

Sign: *[signature]*

Date: Jan. 9, 2015

Clevis Management, Corp.
June 11, 2015
Page 2

---

Demand is also made upon you to provide insurance approval and denial letters and sales records for the time period May 1, 2015 to May 26, 2015, for all sales on accounts generated by DLW Health Solution, LLC. Your termination letter dated May 26, 2015 stated that the effective date of termination was May 26, 2015. Our client additionally demands payment of all commissions for this May 2015 time period.

You may consider this letter as formal demand upon Clevis Management, Corp. to make these delinquent payments. If the payments are not made on or before 10:00 a.m., June 22, 2015, by tendering to DLW Health Solution, LLC a cashier's check or paying via ACH Direct Deposit the amount of $693,828.43 plus $750.00 for its attorney's fees, you are advised that we have been instructed by DLW Health Solution, LLC to take legal measures to recover the full amount owed under the Contract. The requested payment does not include amounts unpaid for May 2015 which demand is still being made with substantiation amounts owed from your records. Please also be advised that if a lawsuit is filed, DLW Health Solution, LLC will be entitled to recover not only the full amount of the Contract, but also interest and attorneys' fees as permitted by the contract or law.

We hope that further action on our part will not be necessary and this matter can be resolved amicably. We are attempting to collect an indebtedness in this matter and information learned will be used for that purpose.

Sincerely,

FARRIMOND CASTILLO & BRESHNAHAN, PC

John M. Castillo

JMC/SJM


CC: DeVonte Whitmore
    DLW Health Solution, LLC

    Law Office of Tony J Park, Inc.
    CALIFORNIA PHARMACY LAWYERS
    2855 Michelle Dr Ste 180
    Irvine, CA 92606
    Email: TPark@CAPharmacyLaw.com