UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DLW HEALTH SOLUTION, LLC, <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> CLEVIS MANAGEMENT, CORP. D/B/A HAEOYOU COMPOUNDING PHARMACY, <br><br> Defendant/Counter-Plaintiff. | Case No.: 5:15-cv-00727 <br><br> Honorable Orlando L. Garcia |

# CLEVIS MANAGEMENT CORP.'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

TO THE HONORABLE ORLANDO L. GARCIA:

NOW COMES Defendant/Counter-Plaintiff Clevis Management, Corp. d/b/a Haeoyou Compounding Pharmacy ("Clevis"), and files its Answer to the Complaint, Affirmative Defenses, and Counterclaim against Plaintiff/Counter-Defendant DLW Health Solution, LLC ("DLW"), as follows:

## ANSWER

**I.**

1. Clevis cannot admit or deny DLW's intent in this case, but Clevis denies that discovery will be conducted pursuant to any Texas Rule of Civil Procedure.

**II.**

2. Clevis is without sufficient information or knowledge to admit or deny the allegations in paragraph 2, and therefore denies the allegations therein.

3. Clevis admits that it is a California corporation not authorized to do business in Texas, but denies the remaining allegations in paragraph 3.

**III.**

4. To the extent the allegations in paragraph 4 constitutes a question of law, Clevis is required to neither admit nor deny. To the extent a response is required, the allegations are denied.

**IV.**

*Statement of Facts*

5. Clevis admits the first sentence of paragraph 5. Clevis admits that a copy of the Agreement is attached to the Complaint as Exhibit A, but denies the remaining allegations in the second sentence of paragraph 5. Clevis denies the allegations in the third sentence of paragraph 5.

6. Clevis denies the allegations in the first sentence of paragraph 6. Clevis admits the allegations in the second sentence of paragraph 6. Clevis admits that a copy of a June 11, 2015 letter referenced therein is attached to the Complaint as Exhibit B, but denies the remaining allegations in the third sentence of paragraph 6.

7. Clevis denies the allegations in paragraph 7.

8. Clevis denies the allegations in paragraph 8.

9. Clevis denies the allegations in paragraph 9.

**V.**

*Breach of Contract*

10. Clevis adopts and incorporates by reference its response to the allegations referenced in paragraph 10.

11. Clevis denies the allegations in paragraph 11, including all subparts thereof.

## VI.

### *Damages*

12. Clevis denies the allegations in paragraph 12, including all subparts thereof.

## VII.

### *Attorney's Fees*

13. Clevis denies the allegations in paragraph 13.

## VII.

### *Conditions Precedent*

14. Clevis denies the allegations in paragraph 14.

## IX.

### *Requests for Disclosure*

15. Clevis denies the allegations in paragraph 15. Further answering, Clevis denies any obligation to comply with any rules or laws cited by DLW in paragraph 15.

### *Prayer*

Clevis denies that DLW is entitled to the relief sought herein, or any relief whatsoever.

# AFFIRMATIVE DEFENSES

In addition to the factual and legal denials stated above, Clevis alleges the following Affirmative Defenses to the allegations contained in the Complaint. Clevis reserves the right to amend this Answer with additional defenses as further information is obtained. DLW's claims are barred, in whole or in part, by the following:

## FIRST AFFIRMATIVE DEFENSE
(Attorney's Fees Not Recoverable)

1. Clevis denies that DLW is entitled to recover attorney's fees in this case.

## SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

2. DLW cannot recover against Clevis to the extent that DLW failed to make reasonable efforts to mitigate its alleged damages. Alternatively, to the extent that DLW has mitigated its alleged damages, Clevis is entitled to offset those amounts from any alleged damages.

## THIRD AFFIRMATIVE DEFENSE
(Estoppel)

3. The Complaint is barred, in whole or in part, by the doctrine of estoppel, in that DLW's conduct, including but not limited to DLW's wrongful and illegal methods of soliciting sales of compounding prescription products and submission of improper and/or unauthorized prescriptions, constitutes grounds of equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE
(Unclean Hands)

4. DLW knowingly solicited sales of compounding prescription products by wrongful and illegal means, and submitted improper and/or unauthorized prescriptions.

Accordingly, DLW has come into this court with unclean hands and as a consequence thereof, DLW is barred from recovery herein.

**FIFTH AFFIRMATIVE DEFENSE**
(Intentional Misconduct of DLW)

5. Clevis incorporates and re-alleges the preceding paragraphs as if fully set forth herein. The damages, if any, suffered by DLW were directly and proximately caused solely by the intentional misconduct of DLW alleged herein. As a consequence thereof, DLW is barred from recovery.

**SIXTH AFFIRMATIVE DEFENSE**
(Unjust Enrichment)

6. Clevis incorporates and re-alleges the preceding paragraphs as if fully set forth herein. As a result of the foregoing, DLW would be unjustly enriched if it recovered any of the sums claimed to be due in its Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
(Complete Performance)

7. Clevis has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**
(Offset)

8. Clevis possesses legal and equitable rights of offset for claims existing against the DLW. Many of the sales that were originally adjudicated were subsequently reversed, which means the money paid for the compounding prescription products was sent back to the payor, and therefore, DLW is not entitled to commission on those sales. DLW actually owes Clevis a refund of approximately $2,500,000, plus interest, that Clevis paid to DLW as commissions on adjudicated sales that were subsequently reversed.

## **NINTH AFFIRMATIVE DEFENSE**
(Indemnification)

9. If any liability exists on the part of Clevis to DLW, DLW has agreed to indemnify Clevis from any such liability pursuant paragraph 5(a) of the Agreement attached to the Complaint as Exhibit A.

WHEREFORE, Clevis requests that the Court enter a judgment that DLW take nothing by this suit, that DLW's claims be dismissed with prejudice, and that Clevis be granted such other and further relief the court deems appropriate.

## COUNTERCLAIM

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Clevis, by and through its undersigned counsel, and by way of a counterclaim against DLW, alleges:

1. Clevis realleges and incorporates by reference the foregoing Answer and Affirmative Defenses to the Complaint.

### Parties

2. Clevis is a California corporation, with its principal place of business in Palmdale, California. Clevis is therefore a citizen of California.

3. DLW purports to be a Texas limited liability company having an office in San Antonio, Bexar County, Texas. Defendant is therefore a citizen of Texas.

### Jurisdiction and Venue

4. Jurisdiction is proper in this court under 28 U.S.C. §§ 1332 and 1367, and Fed. R. Civ. P. 13. Complete diversity exists between the parties, and the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S.C. § 1391 because, among other reasons, DLW purports to reside in this district and further purports to conduct business in this district.

### Facts

6. Clevis and DLW entered into a Sales Representative agreement under which DLW was to provide Clevis with customary sales representative services for sales of compounding medication topical products (the "Agreement"), a copy of which is attached as Exhibit A to the Complaint. *See* Agreement, DE 1-1, pp. 8-15.

7. Under the Agreement, DLW agreed to, *inter alia*, "Identify customers for [Clevis's] compounding medication topical cream products" and "negotiate potential sales contracts for [Clevis] Products." *See* Agreement, DE 1-1, ¶ 1.a.

8. In exchange for DLW's sales representative services under the Agreement, Clevis agreed to pay DLW commissions as set forth in Exhibit A to the Agreement. *See* Agreement, DE 1-1, p. 13.

9. With respect to payment of commissions, the Agreement states that "Clevis agrees to pay DLW HEALTH SOLUTION, LLC a 50% of net adjudication amount as Commission on Sales of compounding prescription products from Haoeyou Compounding Pharmacy." *See* Agreement, DE 1-1, p. 13. Clevis was doing business as Haoeyou Compounding Pharmacy with respect to the compounding prescription products at issue in this case.

10. "Net Adjudication Amount" as set forth in the Agreement means the amount of money for compounding prescription products that was paid to Clevis by, *inter alia*, third-party payors such as insurers, less the cost of the products to Clevis.

11. Between January, 2015 and April, 2015, Clevis paid DLW $3,402,293 in commissions on $7,551,179.95 in adjudicated sales of compounding prescription products pursuant to the commission structure under the Agreement.

12. However, beginning in May, 2015, most of the adjudicated sales of the compounding prescription products sold by DLW were reversed, which means the money paid for the compounding prescription products was sent back to the payor. Specifically, $5,277,263.51 in adjudicated sales was reversed, resulting in an overpayment of commissions to DLW in the amount of $2,439,158.25.

13. These sales were reversed and the money returned because, upon information and belief, DLW improperly solicited sales of Clevis's compounding medication topical cream products, and otherwise submitted improper orders of the products.

14. Clevis did not know that DLW was unlawfully and improperly soliciting customers, or obtaining fraudulent prescriptions, prior to the sales being reversed and the money sent back to the payor.

15. When entering into the Agreement, Clevis expected that DLW would comply with all laws in identifying and soliciting customers under the terms of the Agreement. Clevis did not authorize or require DLW to engage in any wrongful conduct alleged herein.

## COUNT I
(Restitution for Overpayment/Unjust Enrichment)

16. Clevis repeats and realleges each and every allegation in the preceding paragraphs above as if fully set forth herein.

17. DLW wrongfully obtained commissions from Clevis, and it would be unconscionable for DLW to retain those commissions.

18. DLW would be unjustly enriched if it were permitted to retain the $2,439,158.25 in commission overpayments paid by Clevis.

## COUNT II
(Money Had and Received)

19. Clevis repeats and realleges paragraphs 1-12 above as if fully set forth herein.

20. DLW has obtained $2,439,158.25 in overpaid commissions which in equity and good conscience belongs to Clevis.

21. Accordingly, DLW has received money which rightfully belongs to Clevis.

# PRAYER FOR RELIEF

WHEREFORE, Clevis respectfully prays that the court enter an order entering judgment in favor of Clevis and against DLW; order DLW to return $2,439,158.25 in overpaid commissions to Clevis, plus interest; award Clevis its attorney's fees and costs incurred in this action; and for such other and further relief as the court deems proper.

DATED: September 22, 2015

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: */s/ J. Seth Grove*
Charles M.R. Vethan - Bar No. 00791852
J. Seth Grove - Bar No. 24069833
8700 Crownhill Blvd, Suite 302
San Antonio, Texas 78209
Tele. (210) 824-2220
Fax. (210) 826-2223


Eliot F. Krieger
*eliot@jarvislawyers.com*
Charles T. Spagnola
*charles@jarvislawyers.com*
Adam M. Tamburelli
*adam@jarvislawyers.com*
Karl D. Truong
*karl@jarvislawyers.com*
JARVIS, KRIEGER & SULLIVAN, LLP
444 West Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Phone: (562) 597-7070
Facsimile: (562) 597-7772

*Attorneys for Defendant/Counter-Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of September, 2015, the foregoing document was served upon the following via the Court's CM/ECF system:

**Attorneys for DLW:**

John Castillo
Steven J. Medina
Farrimond, Castillo & Bresnahan, P.C.
130 East Travis Street, Suite 350
San Antonio, Texas 78205

/s/ Charles M.R. Vethan\_\_\_\_\_
Charles M.R. Vethan