UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DLW HEALTH SOLUTION, LLC,

    Plaintiff/Counter-Defendant,

vs.

CLEVIS MANAGEMENT, CORP.
D/B/A HAEOYOU COMPOUNDING
PHARMACY,

    Defendant/Counter-Plaintiff.

Case No.: 5:15-cv-00727

Honorable Orlando L. Garcia

## CLEVIS MANAGEMENT CORP.'S FIRST AMENDED COUNTERCLAIM

TO THE HONORABLE ORLANDO L. GARCIA:

NOW COMES Defendant/Counter-Plaintiff Clevis Management, Corp. d/b/a Haeoyou Compounding Pharmacy ("Clevis"), and for its First Amended Counterclaim against Plaintiff/Counter-Defendant DLW Health Solution, LLC ("DLW"), states as follows:

### COUNTERCLAIM

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Clevis, by and through its undersigned counsel, and by way of a counterclaim against DLW, alleges:

1. Clevis realleges and incorporates by reference the foregoing Answer and Affirmative Defenses to the Complaint.

### Parties

2. Clevis is a California corporation, with its principal place of business in Palmdale, California. Clevis is therefore a citizen of California.

1
DEFENDANT'S FIRST AMENDED COUNTERCLAIM

3. DLW purports to be a Texas limited liability company having an office in San Antonio, Bexar County, Texas. Defendant is therefore a citizen of Texas.

## Jurisdiction and Venue

4. Jurisdiction is proper in this court under 28 U.S.C. §§ 1332 and 1367, and Fed. R. Civ. P. 13. Complete diversity exists between the parties, and the amount in controversy exceeds $75,000.

5. Venue is proper under 28 U.S.C. § 1391 because, among other reasons, DLW purports to reside in this district and further purports to conduct business in this district.

## Facts

6. Clevis and DLW entered into a Sales Representative agreement under which DLW was to provide Clevis with customary sales representative services for sales of compounding medication topical products (the "Agreement"), a copy of which is attached as Exhibit A to the Complaint. *See* Agreement, DE 1-1, pp. 8-15.

7. Under the Agreement, DLW agreed to, *inter alia*, "Identify customers for [Clevis's] compounding medication topical cream products" and "negotiate potential sales contracts for [Clevis] Products." *See* Agreement, DE 1-1, ¶ 1.a.

8. In exchange for DLW's sales representative services under the Agreement, Clevis agreed to pay DLW commissions as set forth in Exhibit A to the Agreement. *See* Agreement, DE 1-1, p. 13.

9. With respect to payment of commissions, the Agreement states that "Clevis agrees to pay DLW HEALTH SOLUTION, LLC a 50% of net adjudication amount as Commission on Sales of compounding prescription products from Haoeyou Compounding Pharmacy." *See*

Agreement, DE 1-1, p. 13. Clevis was doing business as Haoeyou Compounding Pharmacy with respect to the compounding prescription products at issue in this case.

10. "Net Adjudication Amount" as set forth in the Agreement means the amount of money for compounding prescription products that was paid to Clevis by, *inter alia*, third-party payors such as insurers, less the cost of the products to Clevis.

11. Between January, 2015 and April, 2015, Clevis paid DLW $3,402,293 in commissions on $7,551,179.95 in adjudicated sales of compounding prescription products pursuant to the commission structure under the Agreement.

12. However, beginning in May, 2015, most of the adjudicated sales of the compounding prescription products sold by DLW were reversed, which means the money paid for the compounding prescription products was sent back to the payor. Specifically, $5,277,263.51 in adjudicated sales was reversed, resulting in an overpayment of commissions to DLW in the amount of $2,439,158.25.

13. These sales were reversed and the money returned because, upon information and belief, DLW improperly and illegally solicited sales of Clevis's compounding medication topical cream products, and otherwise submitted improper orders of the products.

14. Clevis did not know that DLW was unlawfully and improperly soliciting customers, or obtaining fraudulent prescriptions, prior to the sales being reversed and the money sent back to the payor.

15. When entering into the Agreement, Clevis expected that DLW would comply with all laws in identifying and soliciting customers under the terms of the Agreement. Clevis did not authorize or require DLW to engage in any wrongful conduct alleged herein.

## COUNT I
(Restitution for Overpayment/Unjust Enrichment)

16. Clevis repeats and realleges each and every allegation in the preceding paragraphs above as if fully set forth herein.

17. DLW wrongfully obtained commissions from Clevis, and it would be unconscionable for DLW to retain those commissions.

18. DLW would be unjustly enriched if it were permitted to retain the $2,439,158.25 in commission overpayments paid by Clevis.

## COUNT II
(Money Had and Received)

19. Clevis repeats and realleges paragraphs 1-12 above as if fully set forth herein.

20. DLW has obtained $2,439,158.25 in overpaid commissions which in equity and good conscience belongs to Clevis.

21. Accordingly, DLW has received money which rightfully belongs to Clevis.

## COUNT III
(Breach of Contract)

22. Clevis repeats and realleges paragraphs 1-12 above as if fully set forth herein.

23. The Agreement was a valid, binding contract between DLW and Clevis.

24. By virtue of DLW's improper and illegal performance under the Agreement, including its improper and illegal solicitation of sales of Clevis's compounding medication topical cream products and submission of improper orders of the products, DLW breached the Agreement. Clevis had no knowledge of DLW's improper and illegal conduct until after DLW engaged in said conduct, and Clevis did not authorize, participate, or condone said conduct.

25. Clevis performed all of its obligations under the Agreement.

26. As a direct and proximate result of DLW's breach of the Agreement, Clevis has suffered damages, including $2,439,158.25 in overpaid commissions, interest, attorneys' fees and other costs and expenses to be proven at trial. Additionally, Clevis seeks recovery of reasonable attorney's fees under Texas Civil Practice and Remedies Code section 38.001, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Clevis respectfully prays that the court enter an order entering judgment in favor of Clevis and against DLW; order DLW to return $2,439,158.25 in overpaid commissions to Clevis, plus interest; award Clevis its attorney's fees and costs incurred in this action; and for such other and further relief as the court deems proper.

DATED: March 7, 2016

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/ J. Seth Grove
Charles M.R. Vethan - Bar No. 00791852
J. Seth Grove - Bar No. 24069833
8700 Crownhill Blvd, Suite 302
San Antonio, Texas 78209
Tele. (210) 824-2220
Fax. (210) 826-2223

Eliot F. Krieger
*eliot@sullivankrieger.com*
Charles T. Spagnola
*charles@sullivankrieger.com*
Adam M. Tamburelli
*adam@sullivankrieger.com*
SULLIVAN KRIEGER TRUONG
SPAGNOLA & KLAUSNER, LLP
444 West Ocean Boulevard, Suite 1700
Long Beach, CA 90802
Phone: (562) 597-7070
Facsimile: (562) 597-7772

*Attorneys for Defendant/Counter-Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2016, the foregoing document was served upon the following via the Court's CM/ECF system:

**Attorneys for DLW:**

John Castillo
Steven J. Medina
Farrimond, Castillo & Bresnahan, P.C.
130 East Travis Street, Suite 350
San Antonio, Texas 78205

/s/ Charles M.R. Vethan
Charles M.R. Vethan
